WELCH, The JOHN M. See Case No. 7,-359.

WELD (COFFIN v.). See Case No. 2.953.

WELD (KIMBALL v.). See Case No. 7,776.

## Case No. 17,373.

### WELD v. MADDEN.

[2 Cliff. 584.] [1]

Circuit Court, D. Maine. Sept. Term, 1866.

UNRECORDED DEED—FACTS CONSTITUTING IMPLIED NOTICE—CONSTRUCTION OF DEED.

1. A deed of certain real estate in Maine was executed in 1836, G. B. to F., but not recorded till 1858. At the execution of the deed, R. was in the occupation of the premises conveyed, and remained there, boarding with F., until the next summer, when he left and never returned. F. and his grantees always continued in open, notorious, and exclusive possession of the premises, making valuable improvements thereon. W. on the 8th of October, 1853, attached the premises, and on the 24th of November, 1857, levied on them as the estate of B. *Held*, that these facts constituted implied notice to W. of B.'s deed to F., although the same was not recorded until after the levy.

[Cited in Stafford Nat. Bank v. Sprague, 17 Fed. 789.]

2. The description of the premises in the deed B. to F., was as follows: "A certain lot, piece, or parcel of land in said Cherryfield, and on the west side of the Narragaugus river, and being all the lot of land which said Burbank purchased of one Joseph Chamberlain, except that part of said lot which said Burbank has heretofore sold and conveyed to said Freeman by deed, together with all the buildings, privileges, and appurtenances thereto belonging," there being no evidence of any prior deed from B. to F. it was *held*, that the title to the whole lot passed by the conveyance.

Writ of entry dated April 6, 1860, plea nul disseisin. The demandant [David Weld] attached the premises by due process as the property of Caleb Burbank, on the 8th of October, 1853. Judgment for the plaintiff was rendered October 24, 1857, and he levied his execution on the premises on the 24th of November, same year. Burbank acquired title by deed of warranty from one Joseph Chamberlain, dated November 7, 1835, duly acknowledged and recorded. Having introduced the levy, and proved that the land therein described was a part of the Chamberlain lot, the demandant rested his case. The tenant [Clarissa W. Madden] set up title in her former husband, Stephen O. Madden, deceased, and to support the issue upon her part introduced the following conveyances:—Deed: Caleb Burbank to William Freeman, dated August 18, 1836, and acknowledged on the same day, but not recorded till April 29, 1858, after the date of

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

the levy. Deed: William Freeman to Stephen O. Madden, dated April 26, 1849, acknowledged on the same day, and recorded on the following day. Deed: Same to same, dated June 18, 1849, acknowledged same day, and recorded on the 1st of July, the following year. It was agreed that the tenant held the title of her deceased husband, and that the controversy should turn upon the construction and effect of the deed Caleb Burbank to William Freeman, prior in date to the attachment and levy, but in date of record subsequent to the attachment.

The tenant claimed that demandant had implied notice of the existence of the deed, and the evidence showed that the grantee under this deed went into possession in September or October next after the date of its execution, and that he remained upon the premises making valuable improvements, until he conveyed the property to Stephen O. Madden. One Tristam Redman was in possession of the premises under the grantor, at the date of the conveyance, and he remained in the house boarding with the grantee until the next summer, when he left, and never returned.

The description of the premises in the deed Burbank to Freeman was as follows:—"A certain lot, piece, or parcel of land in said Cherryfield, and on the west side of the Narragaugus river, and being all the lot of land which said Burbank purchased of Joseph Chamberlain, except that part of said lot which said Burbank has heretofore sold and conveyed to said Freeman by deed, together with all the buildings, privileges, and appurtenances thereunto belonging." The demandant insisted that the defence failed, because the deed Burbank to Freeman, under which the tenant claimed, was not recorded before the levy was made; but the court being of opinion that the question of implied notice should be submitted to the jury, the demandant offered to prove, as rebutting evidence, the contents of the deed referred to, in the recital of the deed Burbank to Freeman, which had previously been introduced by the tenant without objection. No notice to produce the deed had been given, and there was no other evidence that any such deed was ever actually executed than what appeared in the recital. Under those circumstances the court ruled that parol evidence of the contents of the deed was inadmissible, and no exceptions were taken to the ruling. The substance of the instructions upon the question of implied notice were, that open and visible possession of improved real estate by the grantee of an unrecorded deed was at the date of this transaction implied notice to a subsequent purchaser of the same land; that if the jury found that Freeman entered into the open and visible possession of the premises in October next after the date of his deed, and that he and those claiming under him continued in such possession, making valuable improvements thereon, to the date of the demandant's attachment, then they were instructed that these facts constituted implied

notice to the demandant of the deed of Freeman, although they might find that Redman was at the time in possession under the grantor, and continued to reside there till the following summer, provided they also found that Redman then ceased to live there, and that the possession of Freeman thereafter was open, notorious, and exclusive. Demandant moved for new trial.

P. Thatcher, for demandant.
Howard & Cleaves, for tenant.

CLIFFORD, Circuit Justice. The demandant does not controvert the correctness of the first instruction, nor can he with any hope of success, as such undoubtedly was the law at the date of this transaction. Conceding that, he nevertheless insists that the second instruction is erroneous, because it admits that the person in possession under the grantor at the date of the deed Burbank to Freeman remained for some months in the house with the grantee. His theory is that the change of possession must be immediate and complete in order to constitute the basis of the presumption of notice, but he refers to no decided case which gives any support to that theory. Redman was in possession of the premises at the date of the deed, but whether as tenant at will, or otherwise, does not appear. He claimed no title, and at once became a boarder in the family of the grantee. During the next summer he left the premises; and the grantee and those claiming under him have been in the open, notorious, and exclusive possession of the premises ever since, and for a period of more than sixteen years, when the attachment was made. Numerous authorities might be referred to in support of the ruling of the court, but it seems to be unnecessary, as they are all one way. The matters of fact assumed in the instruction have been found by the jury in favor of the tenant, and therefore in determining the legal questions they must be regarded as true. Such being the rule of law, it follows, as a necessary consequence, that if the instruction was correct, the demandant had implied notice of the deed under consideration.

The second exception impliedly concedes that the deed in question was duly executed, and that the demandant had due notice of its existence at the date of his attachment, but denies that the description in the deed is sufficient to convey to the tenant a good title to the premises. Evidently the question here presented is entirely separate and distinct from the one just decided. They should be separately examined, and must be separately decided, as nothing but confusion of ideas can result from considering them together. Prior title is in the tenant if the description in the deed Burbank to Freeman is sufficient to convey the land. Beyond doubt Burbank was the lawful owner of the whole of the Joseph Chamberlain lot, and it is equally clear that he conveyed to Freeman, by the deed of the 18th of August, 1836, all of the lot which he thus acquired, except what he had before conveyed by deed to the same grantee. The argument of the demandant is, that the recital negatives the theory that the tenant held and owned the whole lot, but the proposition as between the parties is refuted by the express words of the deed. The grantor did not intend to convey the land twice, but he evidently meant to convey the whole lot, and could not be heard to aver the contrary. All that he intended by the recital was to exclude the conclusion of a double conveyance of the same land, that is, he intended to convey the whole lot, unless he had previously conveyed a part of it to the same grantee. The inference perhaps is, that he had previously conveyed a part of the lot to the grantee, but the recital contained no such definite statement, nor are there any words by which either the deed or the land supposed to be reserved can be identified. Granting that the deed was a good and sufficient conveyance as between the parties, then it follows that the demandant cannot call the title in question, because he is a subsequent purchaser, with implied notice of the prior deed. His title under the finding of the jury is no better than it would be if the deed Burbank to Freeman had been recorded at its date, and if it had been it is very clear that the levy would be of no avail. Implied notice of a valid prior deed defeats the title of a subsequent purchaser, and it must be held to have the same effect upon a subsequent attachment of the same land. Much of the error in the argument for the demandant arises from commingling the two questions together. Unless the demandant had implied notice of the deed Burbank to Freeman, he must prevail; but if he had such notice, then he has no title whatever, if the deed between those parties was a sufficient and valid conveyance. The verdict of the jury shows that he had such notice, and it has already been shown that, as between the parties, a good title was conveyed to the grantee. The effect of the recital is to bind the grantor as well as the grantee, so that in no event could the former be heard to claim anything in the land described. Assume that the inference is that the grantor had previously executed a deed of a part of the lot to the grantee, still it is obvious that the recital of that fact could not lessen or impair the title of the grantee, as between the parties and the demandant, as a subsequent purchaser with notice is in no better condition. But estoppels must be certain to every intent, and I am of the opinion that the language of the recital is too indefinite to sustain the views of the demandant. Besides, he claims nothing under the recital, and consequently is in no condition to make the objection which is the foundation of his motion. Throughout the argument he fails to show in what manner he would be benefited by a new trial, if the instructions of the court as to implied notice are correct. He does not even suggest that the whole lot was not conveyed to Freeman prior to the attachment. All he pretends is, that a part of it was conveyed before the date of the

deed given in evidence; but it is difficult to see how that fact, if shown, could operate to his advantage, and he gives no explanations upon the subject.

Special reference is also made by the demandant to the other instructions of the court, but it is unnecessary to examine those suggestions, as no such exceptions were taken at the trial, and no such objections are embraced in the motion.

Being of the opinion that the finding of the jury is fully sustained by the evidence, the motion for new trial is overruled. Judgment on the verdict.